UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA MROCH, ) | |
| ) | |
| Plaintiffs, ) | Case No. 14-cv-4087 |
| v. ) | |
| ) | Judge John W. Darrah |
| SEDGWICK CLAIMS MANAGEMENT ) | |
| SERVICES, INC., and ASCENSION ) | |
| HEALTH LONG-TERM DISABILITY ) | |
| PLAN, ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Defendants Sedgwick Claims Management Services, Inc. and the Ascension Health Long-Term Disability Plan filed a Motion to Transfer Venue [14] pursuant to a forum selection clause and 28 U.S.C. § 1404(a). For the reasons stated below, the Motion is granted.

## BACKGROUND

Plaintiff, Cynthia Mroch, is an employee of Alexian Brothers Health System, which is owned by Ascension Health. (Dkt. 1. ¶ 8). Plaintiff was a participant in their long-term disability plan (the "LTD plan"). (*Id.* at ¶¶ 8, 10). Claims for benefits are decided by Sedgwick, and eligibility and coverage decisions are made by Ascension. (*Id.* at ¶ 10.) Plaintiff further claims that Ascension also acts as the Plan Administrator. (*Id.* at ¶ 12.) Plaintiff applied for short-term and long-term disability benefits, due to endometriosis, and was denied long-term benefits. (Id. at ¶¶ 18-19). Sedgwick denied Plaintiff long-term benefits, claiming that the endometriosis was a pre-existing condition. (*Id.* at ¶ 19.)

Plaintiff filed the current suit against Ascension and Sedgwick, (collectively, the "Defendants") in the Northern District of Illinois on June 3, 2014. (*Id.*) Plaintiff seeks to recover benefits under the terms of the LTD plan pursuant to Section 502(a)(1)(B) of ERISA,

29 U.S.C. § 1001 et seq. (*Id.* at ¶¶ 53, 54.) Defendants filed a motion to transfer venue to the U.S. District Court for the Eastern Division of Missouri pursuant to a forum-selection clause and 28 U.S.C. § 1404(a). (Dkt. 15.)

## LEGAL STANDARD

ERISA's venue provision provides that an action "may be brought where a plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C § 1132(e)(2). Venue can be changed for convenience of the parties, in the interest of justice, or upon motion, consent, or stipulation of all parties. 28 U.S.C.§ 1404 (a), (b). The court must weigh private and public interests on a case-by-case basis in determining the best forum for a particular case. *Van Dusen v. Barrack,* 376 U.S. 612, 622 (1964).

Forum-selection clauses "are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). "[A]bsent a showing that trial in the 'contractual forum will be so gravely difficult and inconvenient that [the party challenging the clause] will for all practical purposes be deprived of his day in court . . . there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain.'" *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1291 (7th Cir. 1989) (quoting *Bremen*, 407 U.S. at 18.)

## ANALYSIS

*Forum Selection Clause*

An amendment to the LTD plan, effective January 1, 2006, added a Forum Selection Clause which provides:

2

> Except as the laws of the United States may otherwise require, any action by any Plan Participant or Beneficiary relating to or arising under the Plan shall be brought and resolved only in the U.S. District Court for the Eastern District of Missouri and in any courts in which appeals form such court are heard, and such court shall have personal jurisdiction over any Participant or Beneficiary named in such action.

(Dkt. 15-3, p. 45.) The Summary Plan Description gives participants notice of the mandatory forum selection clause:

> <u>The Plan contains a forum selection clause, which requires that any action relating to or arising under this Plan shall be brought in and resolved only in the U.S. District Court for the Eastern District of Missouri, and in any courts in which appeals from that court are heard.</u>

(Emphasis in original.) (Dkt. 15-4, p. 22.)

Enforcement of a forum-selection clause does not offend due process when it has been obtained through freely negotiated agreements and the clause is not unreasonable and unjust. *Burger King Corp. v. Rudezewicz,* 471 U.S. 462, 473 at fn.14 (1985) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972)). "Forum selection clauses are presumptively valid unless the resisting party can clearly show that enforcement would be unreasonable and unjust [or contrary to public policy of forum], or that the clause was invalid for such reasons as fraud and overreaching." *Gipson v. Wells Fargo & Co.*, 563 F. Supp. 2d 149, 153 (D.D.C. 2008) (quoting *Bremen*, 407 U.S. at 15) (internal quotations omitted).

Plaintiff argues that the LTD plan's forum-selection clause frustrates ERISA because it denies her the opportunity to bring an action in two out of the three locations provided by the statute. Plaintiff argues that ERISA is a comprehensive legislative scheme that includes an integrated system of procedures for enforcement. *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 145 (1985). And because of that, courts should be reluctant to change the enforcement

3

scheme within the statute. *See Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (2002). Plaintiff further argues that this is especially true in the venue provision, as the statute explicitly states Congress wished to provide plaintiffs with "ready access to Federal courts" to "protect . . . the interests of participants in employee benefit plans and their beneficiaries." 29 U.S.C. § 1001(b). Because of this, Plaintiff argues, courts should not enforce mandatory forum selection clauses because they strip plaintiff's full access to federal courts and are thus inconsistent with ERISA. *See* 29 U.S.C. § 1104(a)(1)(D) (plan terms should be enforced "insofar as such documents and instruments are consistent with the provisions of this subchapter.")

Plaintiff relies on the recent decision in this court, *Coleman v. Supervalu, Inc. Short Term Disability Plan*, 920 F. Supp. 2d 901 (N.D. Ill. 2013). In *Coleman*, the court refused to dismiss an action under Federal Rules of Civil Procedure 12(b)(3), finding that the forum selection clause in a short-term disability program was unenforceable. *Id.* at 909. *Coleman* noted that the Department of Labor has advanced the contention in *amicus curiae* briefs that "forum selection clauses are incompatible with ERISA." *Id.* at 907. *Coleman* also noted that ERISA plans are "rarely the subject of arms'-length negotiations," but are "most often unitlaterally design[ed]" benefit packages offered by employers. *Id.* at 908. The court reasoned that an employer could obliterate any ERISA requirements by including a term contradicting a statutorily established right; and, under this theory, participants would have to forego participation in the plan or "waive" their statutory rights. *Id.* Finally the court stated, "Congress clearly desires open access to several venues for beneficiaries seeking to enforce their rights - and it is equally clear that an employer's unilateral restriction of that access would undermine Congress' stated desire." *Id.* at

4

908. The mandatory forum-selection clause could not trump the minimum statutory protections established by Congress and was against public policy. *Id.*

The Coleman court noted that its decision was contrary to the majority of district court opinions. *See Id.* at 906-07 (citing *Rodriguez v. PepsiCo Long Term Disability Program*, 716 F. Supp. 2d 855, 861-62 (N.D.Cal. 2010); *Klotz v. Xerox Corp.*, 519 F. Supp. 2d 430, 435-36 (S.D.N.Y. 2007); *Bernikow v. Xerox Corp. Long-Term Disability Income Plan*, No. 06-cv-2612, 2006 WL 2536590, at *2 (C.D.Cal. Aug. 29, 2006)). *Coleman* has since been cited in a dissent in the Sixth Circuit, but the majority in that opinion upheld a forum selection clause in an ERISA-governed pension plan. *Smith v. Aegon Companies Pension Plan*, 2014 WL 5125633 (6th Cir. Oct. 14, 2014). The vast majority of courts have found similar forum-selection clauses valid. Most recently, a district court in Florida found this exact forum-selection clause valid. *Loeffelholz v. Ascension Health, Inc.*, No. 13-CV-1495, 2014 WL 3817289, at *4 (M.D. Fla. June 25, 2014).

In order to reach extrinsic methods of statutory construction, as Plaintiff does, the language of the statute must be ambiguous. *See Barnhart v. Sigmon Coal*, 534 U.S. 438, 450 (citing *Robinson v. Shell Oil. Co.* 519 U.S. 337, 340 (1997)) (holding that the inquiry ceases if the statutory language is unambiguous and the statutory scheme is coherent and consistent.) But, "where the statute's language is plain, the sole function of the courts is to enforce it according to its terms." *Pittway Corp. v. United States*, 102 F.3d 932, 934 (7th Cir. 1996). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson*, 519 U.S. at 341.

The language of the statute here is plain and unambiguous. ERISA's venue provision is permissive and not mandatory. *See* 29 U.S.C. § 1132(e)(2) (suit "*may* be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." (emphasis added)).[1] Plaintiff argues that the heading of Title I, "Protection of Participants Rights," indicates that forum selection is a right. However, a statute's title does not "limit the plain meaning of the text." *United States v. Rand*, 482 F.3d 943, 947 (7th Cir. 2005). And "reliance upon headings to determine the meaning of a statute is not a favored method of statutory construction." *Lyons v. Georgia-Pacific Corp. Salaried Employees*, 221 F.3d 1235, 1246 (11th Cir.2000). Based upon the plain statutory language of ERISA's venue provision and the weight of authority, it cannot be said that mandatory forum selection clauses are contrary to public policy.

The forum-selection clause in question was agreed to by both parties in the LTD plan contract. "When parties have agreed to a forum selection clause, the traditional analysis is altered and . . . the clause should control absent a strong showing it should be set aside." *2215 Fifth St. Associates v. U-Haul Intern., Inc.,* 148 F. Supp. 2d 50, 58 (D.D.C. 2001). The forum selection clause was part of the contract before Plaintiff's disability claims. The LTD plan was updated to include the forum-selection clause in January 2006, (Dkt. 15-3, p. 45); Plaintiff began working at Alexian Brothers in March 2011, (Dkt. 1 at ¶ 8), and first claimed benefits in

---

[1] Plaintiff cites to the Federal Employer Liability Act, which provides that "[a]ny contract, rule, regulation, or device whatsoever, the purpose or intent of which *shall be* to enable any common carrier to exempt itself from any liability created by this chapter, *shall* to that extent be void . . ." (emphasis added) 45 U.S.C. § 55. The Supreme Court in *Boyd v. Grand Truck W. R. Co.*, 338 U.S. 263, held that the choice of venue was a substantial right and § 55 prohibited forum selection clauses from limiting choice of venue. *Boyd*, 338 U.S. at 265-66. But the plain language in § 55 is mandatory, "*shall* to that extent be void"; and, thus, the analysis in *Boyd* is not only inapplicable to ERISA's permissive language but undermines Plaintiff's argument.

July 2013, (Dkt. 1, ¶ 39). The forum selection clause was established within Ascension's LTD plan contract and was clearly stated and agreed to when Plaintiff began working for Alexian Brothers. Plaintiff has not shown that Defendants preferred forum will be so gravely difficult and inconvenient that she will, for all practical purposes, be deprived of her day in court. *See Heller Fin., Inc.*, 883 F.2d at 1291. The forum-selection clause in the LTD plan is valid and enforceable.

### *28 U.S.C.§1404(a)*

Under 28 U.S.C. § 1404: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Section 1404(a) permits transfer to any district where venue is also proper or to any other district to which the parties have agreed by contract or stipulation. *See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 579 (2013). The appropriate method of enforcing a forum-selection clause pointing to a particular forum is through the doctrine of *forum non conveniens*, which Congress codified as Section 1404(a). *See Id.* at 580. A § 1404(a) motion predicated on a forum-selection clause should be denied "[o]nly under extraordinary circumstances unrelated to the convenience of the parties." *Id.* at 581. And "a district court may consider arguments about public-interest factors only." *Id.* at 582.

Public-interest factors include: "(1) the relationship of the community to the issue of the litigation and the desirability of resolving controversies in their locale; (2) the court's familiarity with applicable law; and (3) the congestion of the respective court dockets and the prospects for an earlier trial." *Chukwu v. Air France*, 218 F. Supp. 2d 979 (N.D. Ill. 2002). The relationship

7

of the community to the issue of the litigation is inapplicable here, as the suit deals with a federal statute, ERISA, which specifically provides that suits may be brought where a defendant resides. See 29 U.S.C. § 1132(e)(2). As to the court's familiarity with applicable law, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules." *Atl. Marine Const. Co.*, 134 S. Ct. at 582. Nonetheless, the LTD plan provides that it shall be construed and enforced according to ERISA and the laws of the State of Missouri. (Dkt. 15-3, p. 40.) The court's familiarity with applicable law weighs in favor of transfer. The parties make no argument about the congestion of respective court dockets and the prospects for an earlier trial.

In this case, the public-interest factors do not provide extraordinary circumstances weighing against transfer. Defendants' Motion to Transfer the case pursuant to 28 U.S.C. § 1404(a) is granted.

## CONCLUSION

For the reasons discussed above, Defendants' Motion to Transfer Venue is granted. This case shall be transferred to the United States District Court for the Eastern District of Missouri.

Date: _____December 10, 2014_____  /s/ _____
JOHN W. DARRAH
United States District Court Judge